Turner Uhlemann PC
Brian D. Turner, OSB #04013
1631 NE Broadway #120
Portland, OR 97232
Tel: (503) 946-8763

Attorney for Debtor(s).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re:                                     )   Case No. 13-60564-fra13
                                           )
Christopher Michael Braswell               )   MOTION TO RECONSIDER
                                           )
        Debtor(s)                          )
                                           )
                                           )
_____)

Debtor, by and through counsel, respectfully moves this Court to reconsider the Order Denying Confirmation entered on June 27, 2013 as it relates to paragraph 13 of the pre-confirmation modified plan filed on March 5, 2013 on grounds that the trustee withdrew his objection as to paragraph 13 and no other party in interest has objected to its inclusion in the plan.

Paragraph 13 of the March 5, 2013 plan provides "Upon confirmation of this plan, Debtor shall surrender real property located at 809 SW 1st St, Pendleton, OR 97801 to JP Morgan Chase, its successors and assignees in full satisfaction of their claims." On April 5, 2013, the Trustee objected to the proposed treatment. At the first confirmation hearing on April 23, 2013, the Court ordered Debtor to provide additional service within 7 days on the attorneys representing JP Morgon Chase in the pre-petition foreclosure action. Debtor timely complied

with the Court's service order by serving notice of the March 5, 2013 modified plan on the attorneys for JP Morgon Chase and filing a certificate of service thereon. The Trustee noted in his memorandum filed on May 29, 2013 that Debtor's compliance with the service order resolved the Trustee's objection to confirmation, in effect withdrawing his objection as to the surrender in full satisfaction clause.

Courts have enforced the *res judicata* effect of surrender in full satisfaction clauses where the affected creditor does not file a timely objection to the plan. (*In re Carter*, 390 B.R. 648, 654 (Bankr. W.D. Mo. 2008). In *Carter*, an undersecured creditor objected post-confirmation to its treatment in a plan providing for surrender of its collateral "'in lieu of the entire debt[s]'." *Id*. at 649. The court in *Carter* acknowledged two exceptions to the enforcement of a confirmed plan. *Id*. at 650. A due process exception applies where a debtor attempts to accomplish in a plan what would normally require an adversary hearing, "such as a discharge-by-declaration of an otherwise nondischargeable debt". *Id*.  The second exception applies where enforcing the plan would be inequitable. *Id*. at 651. In *Carter*, the court found that neither exception applied; surrender of collateral in lieu of a debt does not require the same procedural safeguards as discharging a student loan, and an inequity would only arise if the debtor failed to fulfill his obligations under the plan by actually surrendering the property. *Id*. at 650-651. It further noted that failure to object to a plan constitutes consent to the plan. *Id*. at 651.

There is no pending objection to paragraph 13 of the plan. The Trustee withdrew its objection after Debtor provided additional notice and JP Morgan Chase declined to object to the

MOTION TO RECONSIDER

- 2 -

Turner Uhlemann PC
Brian D. Turner, OSB #04013
1631 NE Broadway #120
Portland, OR  97232
Phone: (503) 946-8763

plan after numerous notices.[1] Having not timely objected to the plan, the creditor is deemed to have consented to the treatment it provides. While it remains to be seen whether JP Morgan Chases chooses to move for reconsideration at a later date, they would not likely prevail, as no valid exception to the general rule that confirmation orders be given *res judicata* effect apply.

WHEREFORE, Debtor moves this Court to reconsider the June 27, 2013 Order Denying Confirmation as it pertains to paragraph 13 of Debtor's March 5, 2013 plan.

Date: July 3, 2013

                                        Respectfully submitted:

                                        /s/ Brian D Turner
                                        Brian D. Turner, OSB #04013
                                        Attorney for Debtor(s)

---

[1] The original plan dated 2-27-13 and the modified plan dated 3-5-13, both containing the surrender in full satisfaction provisions, were served per rule 7004 on the president of JP Morgan Chase and their counsel in the foreclosure action, Routh Crabtree Olsen, PC. A fifth notice was served again on Routh Crabtree Olsen, PC per the Court's order.

MOTION TO RECONSIDER        Turner Uhlemann PC
                                                                         Brian D. Turner, OSB #04013
- 3 -       1631 NE Broadway #120
                                                                                  Portland, OR 97232
                                                                                  Phone: (503) 946-8763

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon the following addresses by sending a true, full and exact copy enclosed in a sealed envelope by regular postage, prepaid, U.S. Mail, or, where specified, electronically:

*Served electronically:*
Office of the U.S. Trustee; Fred Long, case trustee

Dated this 3rd day of July, 2013

                                            /s/ Brian D Turner_____
                                            Brian D. Turner, OSB #04013
                                            Attorney for Debtor(s)

MOTION TO RECONSIDER

- 4 -

Turner Uhlemann PC
Brian D. Turner, OSB #04013
1631 NE Broadway #120
Portland, OR  97232
Phone: (503) 946-8763